# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-0523V

|  |  |
|---|---|
| GENEVIEVE WATSON,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: January 12, 2024 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

On May 11, 2022, Genevieve Watson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") following an influenza vaccination she received on November 4, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 14, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On January 11, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $132,550.00, representing $132,500.00 for pain and suffering and $50.00 for past unreimbursable expenses, plus $2,859.68 to satisfy a Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

- **A lump sum payment of $132,550.00, representing $132,500.00 for pain and suffering and $50.00 for past unreimbursable expenses, in the form of a check payable to Petitioner; and**

- **A lump sum payment of $2,859.68, representing compensation for satisfaction of the State of Colorado Medicaid lien, in the form of a check payable jointly to Petitioner and Colorado Department of Health Care Policy and Financing, Colorado Medical Assistance, Tort and Casualty Recovery Program, 333 W. Hampden Avenue, Suite #425, Englewood, CO 80110, Medicaid ID Number: G311015.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GENEVIEVE WATSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 22-523V **(ECF)** |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 11, 2022, Genevieve Watson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), alleging that she developed Guillain-Barré syndrome ("GBS"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine that she received on November 4, 2020. ECF No. 1 at 1. On February 14, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) report indicating that this case was appropriate for compensation under the terms of the Vaccine Act for a GBS Table Injury. ECF No. 19. Also on February 14, 2023, the Chief Special Master issued a Ruling on Entitlement finding that petitioner was entitled to compensation. ECF No. 20.

**I.**    **Items of Compensation**

   A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $132,500.00 for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses pertaining to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $50.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy a State of Colorado Medicaid lien in the amount of $2,859.68, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Colorado may have against any individual as a result of any Medicaid payments that the State of Colorado has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about November 4, 2020, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.  Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

1)  A lump sum payment of $132,550.00 in the form of a check payable to petitioner.[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

2)     A lump sum payment of $2,859.68, representing compensation for satisfaction of the State of Colorado Medicaid lien, payable jointly to petitioner and to:

>Colorado Department of Health Care Policy and Financing
>Colorado Medical Assistance
>Tort and Casualty Recovery Program
>333 W. Hampden Avenue, Suite #425
>Englewood, CO 80110
>Medicaid ID Number: G311015

Petitioner agrees to endorse this payment to the Colorado Department of Health Care Policy and Financing for satisfaction of the Medicaid lien.

>Respectfully submitted,
>
>BRIAN M. BOYNTON
>Principal Deputy Assistant Attorney General
>
>C. SALVATORE D'ALESSIO
>Director
>Torts Branch, Civil Division
>
>HEATHER L. PEARLMAN
>Deputy Director
>Torts Branch, Civil Division
>
>ALEXIS B. BABCOCK
>Assistant Director
>Torts Branch, Civil Division
>
>*/s/ Benjamin P. Warder*
>BENJAMIN P. WARDER
>Trial Attorney
>Torts Branch, Civil Division
>U.S. Department of Justice
>P.O. Box 146, Ben Franklin Station
>Washington, DC 20044-0146
>Telephone: (202) 532-5464
>Email: Benjamin.P.Warder@usdoj.gov

DATE: January 11, 2024